Alex KORNFELD, et al., Appellants,

v.

SCHOOL DISTRICT OF KANSAS CITY, Missouri, Respondent.

No. WD 44694.

Missouri Court of Appeals, Western District.

April 21, 1992.

Doyle R. Pryor, Kathleen A. McNamara, Kansas City, for appellant.

Basis L. North, Jr., Gayle E. Townsend, Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

BERREY, Judge.

This is an action brought by four teachers (appellants) employed by the Kansas City School District. The action was brought because the appellants contend the school district incorrectly withheld incremental salary increases for the 1988–89 school year as mandated by Board Policy 40150. The facts as stated below were stipulated to by both parties at the time of the hearing.

The respondent school district is organized and exists under the State of Missouri to provide public education. A nine member school board governs the school district and creates various policies which are utilized in the school district and are referred to as "board policies." Once these policies are created, they are implemented by the administration. However, all the policy making power rests with the board and the policies remain in effect until revoked by the board.

The board policies which are specifically applicable to the teachers are included in the teachers' handbook. This handbook is published annually and is distributed to all the employees. Additionally, the handbook is incorporated by reference into the individual teachers' contracts issued to the employees and was incorporated into the contract for the 1988–89 school year.

The salary schedule is encompassed in the teachers handbook. It is organized into different levels to which an employee may advance. The employee may advance and earn pay increases in two different ways. The teacher can obtain an increase by gaining further education, or additional years of experience within the district. These longevity increases are known as incremental increases. It is with regard to these incremental increases that Policy 40150 comes into play. Policy 40150 provides as follows:

*Salary: Schedules and Increments– Certificated and Professional*

The salaries of certificated and professional personnel are based on schedules recommended by the Superintendent and approved by the Board of Directors.

Annual Increments:

a. An employee shall progress toward maximum salary by annual increments. An Increment shall mean a scheduled salary increase.

b. Increments are granted to each qualified, certificated and professional employee, not on maximum salary for the classification, at the beginning of each fiscal year.

c. An employee who has been in the system less than 20 years must complete at least 21 weeks of service during a current contract year in order to qualify for an increment, or step, provided by the salary for schedule.

d. An employee entitled to increments shall receive one increment for each fiscal year, or twenty-one weeks thereof, while on an official long-term leave for military service or approved exchange teaching.

e. An increment shall be granted to an employee on leave other than military or exchange teaching only upon the

recommendation of the Superintendent and approval by the Board.

This board policy was in full force and effect during the 1988–89 school year and therefore was incorporated into the teacher contracts for that year. Policy 40150 was never invalidated or waived during the school year in question; however, "Tentative Conclusions" were agreed upon between representatives of the school district and representatives of the Kansas City Federation of Teachers. These "Tentative Conclusions" had the potential of altering the effect of Policy 40150.

The tentative conclusions in part, involved the subject of salary increases for the 1988–89 school year. It provided the increases would be expressly contingent on Federal court approval of the raises. The contingency existed because of a desegregation budget which required salary raises be approved by the Federal court pursuant to *Jenkins v. Missouri*, 672 F.Supp. 400, 410 (W.D.Mo.1987), *aff'd*, 855 F.2d 1295 (8th Cir.1988). The "Tentative Conclusions" were adopted by the school board at its special meeting on April 14, 1988, and as a result of this adoption, the board of education did not grant step or incremental increases to teachers for the 1988–89 school year. It is the failure to grant the salary increases which led to this litigation.

The appellants raise three points on appeal. They first contend the trial court erred in finding a binding modification of the appellants' teaching contract which abrogated the school district's obligation to grant the annual salary increase. Secondly, they contend the trial court erred in determining the appellants should have signed the contracts "under protest" to negate mutual consent to the modification. For their third point, they contend the judge erred in applying § 168.112 of the Teachers' Tenure Act and further erred in finding appellant Goodwin was a tenured teacher.

The first issue to be addressed is whether the court erred in determining a modification of the teachers' contracts occurred when the "Tentative Conclusions" were adopted by the school board.

The Missouri constitution provided for the establishment and maintenance of free public schools within this state. Mo. Const. art. IX, § 1(a); *School Dist. of Kansas City v. Clymer*, 554 S.W.2d 483 (Mo.App. 1977). Pursuant to that direction, the general assembly enacted statutes establishing and regulating public schools. *Id.* at 486. Section 162.471, RSMo 1965, empowered the board to make "all needful rules and regulations for the organization, grading and government in the school district." The court in *Clymer* recognized the board's broad legislative power and stated the broad powers encompassed the fixing of compensation. *Clymer*, 554 S.W.2d at 487. In the situation at bar, representatives of the school district and representatives of the Federation of Teachers met and conferred regarding issues affecting the upcoming school year. The tentative conclusions were the product of this meeting. Following this, the school board adopted the tentative conclusions. Appellants contend the school district was acting beyond its authority in adopting the tentative agreement which had the potential of overriding Policy 40150. It is clear the school board may not act in a capricious or arbitrary manner. *Id.* However, the school board's actions were taken after recognizing the probability existed that funds would not be available for the incremental increases. This came to fruition after the funds were not approved because of the desegregation situation.

Section 168.110, RSMo (Supp.1990), provides:

The board of education of a school district may modify an indefinite contract annually on or before the fifteenth day of May in the following particulars:

(1) Determination of the date of beginning and length of the next school year;

(2) Fixing the amount of annual compensation for the following school year as provided by the salary schedule adopted by the board of education applicable to all teachers;

The modifications shall be effective at the beginning of the next school year. All teachers affected by the modification

shall be furnished written copies of the modifications within thirty days after their adoption by the board of education.

This statute gives the school board authority for unilateral contract modification. In this case, they utilized this power to approve and adopt "Tentative Conclusions" reached by parties representing the school district as well as the teachers.

■ Appellants suggest this action as taken by the school board was inadequate because, they contend, Policy 40150 had to be repealed by specific actions. In other words, Policy 40150 could not be overruled by the school board's adoption of the "Tentative Conclusions." However, there was no evidence presented by the respondent which would suggest the school board was restricted by specific requirements in order to repeal, revoke, or otherwise invalidate Policy 40150 before enacting the "Tentative Conclusions." The "Tentative Conclusions" modified Policy 40150. These actions were necessary because the restrictions presented by the desegregation problems and the case of *State v. Jenkins*, 672 F.Supp. 400, 410 (W.D.Mo.1987), *aff'd*, 855 F.2d 1295 (8th Cir.1988). Appellants' Point I is denied.

■ For their second point on appeal, appellants contend the trial court erred in finding there was a binding modification of appellant Jane Goodwin's teaching contract for the 1988–89 school year.

The contract appellant Goodwin signed was representative of the standard teacher's contract, issued to all school district teachers. The contract contained the following provision:

The rules and regulations of the school district as amended to date, *with which the teacher acknowledges himself to be familiar*, and all amendments thereto from time to time hereafter made, so far as they relate to teacher's, are referred to and considered a part of this contract, and are binding and obligatory upon the district and the undersigned teacher as fully as if the same were set out in this contract. (emphasis added).

By its terms, this provision incorporated into the individual teachers' contracts by reference, all the school board's rules, regulations and board policies. Therefore, by signing the contract, appellant Goodwin assented to all the terms and was charged with knowledge of all its contents. The trial court found this assent extended to the "Tentative Conclusions." The court also found the only way by which the teacher could avoid this assent, would be signing the contract "under protest." *Long v. School Dist. of University City*, 777 S.W.2d 944 (Mo.App.1989). In *Long*, the court found that because the teacher involved, signed the contract under protest, the teacher negated any mutual consent to any modification of the contract. *Id.* at 947. In this case, appellant Goodwin signed the contract, and did not give any indication her signature was under protest with regard to any section of the contract. We agree with the decision reached by the trial court and find appellant Goodwin assented to the "Tentative Conclusions" by signing the contract. Appellants' Point II is denied.

For their third and final point appellants argue the trial court erred in applying § 168.112, RSMo 1986, of the Teachers' Tenure Act to this case. The appellants disagree with this application because they contend appellant Goodwin was not a tenured teacher. Section 168.112, RSMo 1986, applies to permanent teachers and states in pertinent part, "An indefinite contract between a permanent teacher and a board of education may be terminated or modified at any time by the mutual consent of the parties thereof." The facts revealed during the trial were all stipulated to by the parties. The trial court reviewed the facts and found Goodwin to be in the position of a permanent teacher. The court stated there was nothing in the facts to indicate any other conclusion should be reached. We find no reason to disturb this finding on appeal.

The judgment of the trial court is affirmed.

All concur.